UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00322-KJD-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | (Emg Mot Temp Rel – ECF No. 16) |
| MARY ELLEN MARTINEZ, | |
| Defendant. | |

Before the court is Defendant Mary Ellen Martinez's Emergency Motion for Temporary Release from Custody (ECF No. 16). The court has reviewed the motion and the government's Response (ECF No. 17).

The motion requests that the court release Ms. Martinez from custody to attend her sister's funeral services in West Jordan, Utah from noon January 4, 2017, to Friday, January 6, 2017[1]. Ms. Martinez requests that she be released into the care and custody of her friend, Joseph Pinckney, who will act as a third-party custodian and transport Ms. Martinez to and from Utah. Ms. Martinez states that while on her previous supervised release, she appeared for all of her hearings. Ms. Martinez is willing to submit to any conditions the court may place on her, including ankle bracelet/GPS monitoring, etc.

The government opposes the motion arguing that there is no set of conditions the court could impose to ensure that she returns. Ms. Martinez is charged with escaping from federal custody for she walking away from a halfway house and failing to return. She was a fugitive until she was caught three months later after a traffic stop during which she lied about her identity because she knew there was a warrant for her arrest.

---

[1] The motion contains a typographical error requesting release from January 4, 2016, to January 6, 2016.

The government argues that while she did appear for hearings related to her previous supervised release violations in Case No. 2:15-cr-00088-RFB, she repeatedly failed to abide by the terms of her supervised release. She tested positive for methamphetamine on two occasions, once while 8 months pregnant. She also violated her home confinement schedule on multiple occasions. The Probation Office concluded that Ms. Martinez "had no intention of complying with location monitoring and did whatever she wanted to do in the short duration she was monitored. This combined with her dishonesty and her illicit drug use clearly demonstrates her contemptuous attitude and her inability to comply with any conditions the Court may fashion to gain compliance at this time." Case No. 2:15-cr-00088-RFB, ECF No. 17 at 4.

When Ms. Martinez's supervision was revoked on May 12, 2015, Judge Boulware gave Ms. Martinez a chance to complete a residential substance abuse program. She was discharged unsuccessfully from the program because she violated program rules and lacked investment in the program. Treatment program staff reported that: she was not focused on her recovery; she attempted daily to obtain a pass to leave the facility; she bragged about consuming alcohol while in the community; and she attempted to smuggle letters through other residents to someone she was prohibited from contacting. Also during this time, Probation received a tamper alert on the GPS bracelet. When confronted about it, she lied. The Probation Office concluded that Ms. Martinez "has shown time and time again she has no respect for the orders of the Court or the probation office…. The probation office and the Court have literally exhausted every available resource for Martinez who continues to thumb her nose at the Court." *Id.*, ECF No. 30 at 7. For all of these reasons, the government argues that Ms. Martinez's motion should be denied.

The court offers heartfelt condolences to Ms. Martinez for the loss of her sister. However, she repeatedly violated conditions of her pretrial release. Her pretrial release was revoked for her multiple violations, but she was given another chance to address her substance abuse problems in a residential program where she continued to violate release conditions until she ultimately walked away from the halfway house remaining a fugitive until her arrest three months later. She is now charged with felony escape. The court finds that there are no conditions that can be fashioned to

reasonably assure that Ms. Martinez would return to custody, or comply with any release conditions the court might impose. For these reasons,

**IT IS ORDERED** that Ms. Martinez's Emergency Motion for Temporary Release from Custody (ECF No. 16) is **DENIED**.

DATED this 3rd day of January, 2017.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE